# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-02463-TWP-DML |
| | ) |
| JAY L. HESS, Individually not as an employee of | ) |
| Indiana University, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendant Jay L. Hess' ("Hess") Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) ([Filing No. 40](#)). After discovering unauthorized use of his photograph of the Indianapolis skyline, Plaintiff Richard N. Bell ("Bell") filed this action, seeking damages and declaratory and injunctive relief under copyright laws. Bell asserted a claim for copyright infringement and unfair competition. Hess filed his Motion for Judgment on the Pleadings, asserting that Bell's claim is barred by Eleventh Amendment sovereign immunity. For the reasons that follow, Hess' Motion is **granted**.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Bell as the non-moving party. *See Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Bell is an attorney and professional photographer who lives in McCordsville, Indiana. This dispute centers on a photograph taken by Bell of the Indianapolis, Indiana skyline ("Indianapolis Photo"). After taking the Indianapolis Photo in 2000, Bell first published it on the internet on

August 29, 2000, by uploading it to a Webshots account. It was later published on a website created by Bell at www.richbellphotos.com. Bell registered the copyright of the Indianapolis Photo with the United States Copyright Office on August 4, 2011, approximately eleven years after he first published the photograph on the internet. Bell has sold licenses for publication of the Indianapolis Photo, has retained sole ownership of the copyright, and has used the photograph to promote his photography business ([Filing No. 38 at 2](#)–3, ¶¶ 5, 7–13).

Defendant Jay L. Hess is the Dean of the Indiana University Medical School. Bell alleges that he is suing Hess individually, and not in his capacity as the Dean of the Medical School. "Hess intentionally permitted subordinates to create and control a website with the domain name of pediatrics.IU.edu." *Id.* at 3, ¶ 6. Bell asserts, "Hess intentionally authorized employees under his control of the I.U. Medical School to publish the 'Indianapolis Photo' in advertising which appears on a website owned by Indiana University even though the Defendant Hess individually knew he had no rights or authority to publish the Indianapolis Photo." *Id.* at 2, ¶ 6. Bell alleges that Hess individually "permitted employees of the I.U. Medical School to publish the 'Indianapolis Photo' in advertising which appears on a website owned by Indiana University at http://pediatrics.iu.edu/residency even though the Defendant Hess knew he nor anyone else he directed had the [] rights or authority to publish the Indianapolis Photo." *Id.* at 1, ¶ 1.

"Hess individually failed to properly supervise his subordinates who created a website for the World Wide Web at pediatrics.IU.edu to promote and advertise the Indiana University School of Medicine Residency Program and used the Indianapolis Photo on the website pediatrics.IU.edu" ([Filing No. 38 at 4](#), ¶ 14). The Indianapolis Photo was wrongfully published on IU Medical School's website to attract prospective physicians to the pediatric program. Hess individually permitted employees of the Medical School and residency program to download the Indianapolis

Photo from the internet without permission from Bell and then copy it onto a webserver controlled by http://pediatrics.iu.edu/residency. Hess had the ability to control and supervise the content of the website and to control and supervise the access of third-party internet users to that website. Third-party internet users were able to access the website and copy the Indianapolis Photo onto their own computers. *Id.* at 4, 7, ¶¶ 15–17, 29.

In August 2016, Bell discovered through the computer program "Google Images" that the Indianapolis Photo was being used without his permission on the webpage http://pediatrics.IU.edu/residency/how-to-apply. The webpage did not disclose the source of the Indianapolis Photo or otherwise confer credit to Bell. The Indianapolis Photo was used without authorization and without payment. Hess has refused to pay for the unauthorized use of the Indianapolis Photo. *Id.* at 4–6, ¶¶ 18–20, 24. The Indianapolis Photo no longer appears on the webpage ([Filing No. 39 at 18](), ¶ 29).

On September 15, 2016, Bell initiated this action against Defendant Indiana University, asserting a claim for copyright infringement and unfair competition and seeking damages and declaratory and injunctive relief ([Filing No. 1]()). Shortly thereafter, on October 26, 2016, Bell filed his Amended Complaint, removing Indiana University as the defendant and adding Hess as the sole defendant ([Filing No. 11]()). Hess filed an answer to the Amended Complaint and then filed his first motion for judgment on the pleadings, asserting Eleventh Amendment immunity. In response, Bell requested leave of Court to file his Second Amended Complaint, which the Court granted, thereby mooting Hess' first motion for judgment on the pleadings ([Filing No. 37]()). Bell filed his Second Amended Complaint on June 15, 2017 ([Filing No. 38]()). Hess filed his Answer and then filed the pending Motion for Judgment on the Pleadings, again asserting Eleventh Amendment sovereign immunity.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the Court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (*quoting Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (*quoting R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

## III. DISCUSSION

Hess argues that Bell's claim should be dismissed and this case terminated because Hess enjoys sovereign immunity under the Eleventh Amendment. Hess explains that "the Supreme Court 'has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Ath. Dep't*, 510 F.3d 681, 694–95 (7th Cir. 2007) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974)). This Eleventh Amendment protection "usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities;" however, three exceptions exist. *Id.* at 695. If a state waives immunity by consenting to suit in federal court, then the Eleventh Amendment protection will not apply. Furthermore, Congress may abrogate the immunity through a valid exercise of its power. Also, under the *Ex parte Young* doctrine, "suit against state officials seeking prospective equitable relief for ongoing violations of federal law . . ." may be pursued. *Id.*

Hess explains that Indiana University is an arm or instrumentality of the State of Indiana and enjoys the same immunity from suit as that enjoyed by the State, citing *Peirick*, 510 F.3d at 696. Eleventh Amendment immunity also bars actions against state agency officials acting in their official capacities. *Id.* at 695. State officials act within their official capacities and within the scope of employment if their actions, "to an appreciable extent, further the employer's business." *Katz-Crank v. Haskett*, 2015 U.S. Dist. LEXIS 33905, at *7 (S.D. Ind. Mar. 18, 2015). Hess asserts that all his conduct, as alleged in the Second Amended Complaint, falls within the scope of his employment as the Dean of the Medical School of Indiana University, and none of the exceptions to Eleventh Amendment sovereign immunity apply. Thus, he argues, Bell's claim against him must be dismissed.

Bell's allegations maintain that Hess permitted employees of Indiana University to copy and publish the Indianapolis Photo without authorization from or payment to Bell. The Indiana University employees published the photograph on a website owned by Indiana University. The website is used to promote and advertise Indiana University Medical School's pediatric residency program. The Second Amended Complaint asserts that Hess failed to properly supervise his subordinates, who wrongfully copied and published Bell's copyrighted photograph. Hess argues,

> By Plaintiff's own words, all of the allegedly injurious actions upon which Plaintiff's claims against Dr. Hess are based were performed squarely within Dr. Hess's role as the Dean of the Indiana University School of Medicine, in order to further the marketing of the Indiana University School of Medicine, and not as an individual acting alone for his own personal benefit.

([Filing No. 41 at 6](#)–7).

Hess asserts, because the allegations are against an employee of Indiana University acting within his official capacity, he is entitled to sovereign immunity. Hess notes that Congress has not validly abrogated state sovereign immunity through the Copyright Remedy Clarification Act (the "Act"). Congress may abrogate state sovereign immunity only when it unequivocally expresses its intent to abrogate immunity and only pursuant to a valid exercise of its enforcement power under Section 5 of the Fourteenth Amendment. *Seminole Tribe v. Florida*, 517 U.S. 44, 55–56, 59, 72–73 (1996).

The Act, 17 U.S.C. § 501(a), was enacted by Congress pursuant to its Article I powers as an attempt to abrogate state sovereign immunity for copyright infringement claims. While the Supreme Court and Seventh Circuit have not yet addressed the Act's effect on immunity, Hess notes that the Supreme Court has addressed the Act's "sister statutes" for trademarks and patents, concluding that the statutes are impermissible attempts to abrogate state sovereign immunity that are not supported by Section 5 of the Fourteenth Amendment. *See Coll. Sav. Bank v. Fla. Prepaid*

*Postsecondary Educ. Bd.*, 527 U.S. 666 (1999); *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627 (1999). Hess points out that other district courts and courts of appeals that have addressed the Act have followed the Supreme Court's analysis in *Florida Prepaid* and have determined that the Act is an invalid attempt to abrogate state sovereign immunity.[1] Hess also notes that another court in the Southern District of Indiana has recently held that copyright claims against the State of Indiana are barred by the Eleventh Amendment. *Bell v. Henderson*, 2017 U.S. Dist. LEXIS 110047 (S.D. Ind. July 17, 2017) (Purdue University official sued in his individual capacity by Bell).[2] Based on this case law, Hess asserts that Congress has not validly abrogated the sovereign immunity enjoyed by Indiana University and its employees, and thus, this case must be dismissed.

Hess also asserts that the State of Indiana and Indiana University have not waived sovereign immunity to permit this litigation to move forward, so that exception to the Eleventh Amendment does not apply. Lastly, he argues that there is no ongoing violation of federal law that would allow Bell to sue a state official for injunctive relief under the *Ex parte Young* doctrine. The Supreme Court established that a plaintiff may file suit against a state official for ongoing violations of federal law and seek injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908).

---

[1] *See Chavez v. Arte Publico Press*, 204 F.3d 601 (5th Cir. 2000); *Am. Shooting Ctr., Inc. v. Sefcor Int'l*, 2016 U.S. Dist. LEXIS 96111 (S.D. Cal., July 22, 2016); *Mktg. Info. Masters, Inc. v. Bd. of Trustees of Cal. State Univ. Sys.*, 552 F. Supp. 2d 1088 (S.D. Cal. 2008); *Issaenko v. Univ. of Minn.*, 57 F. Supp. 3d 985 (D. Minn. 2014); *Campinha-Bacote v. Regents of the Univ. of Mich.*, 2016 U.S. Dist. LEXIS 5958 (S.D. Ohio, Jan. 19, 2016).

[2] Hess argues that Bell has conceded that Eleventh Amendment sovereign immunity applies by his amendments to his original complaint wherein he replaced Indiana University with Hess as the defendant. Hess notes that this case is identical to the *Bell v. Henderson* case where Judge Young dismissed Bell's claim against a university official in his individual capacity under the Eleventh Amendment. Hess argues that he "would not be facing Plaintiff's allegations if he were not the Dean of the Indiana University School of Medicine. The sole reason Hess is named as the defendant is his capacity to act on behalf of Indiana University in his role with the Indiana University School of Medicine." (Filing No. 41 at 11.)

Bell has not alleged an ongoing violation of law; rather, Bell's allegations concern an isolated incident of copying and publishing the Indianapolis Photo on an Indiana University webpage, and the webpage no longer contains the Indianapolis Photo. Thus, the *Ex parte Young* doctrine does not apply because no ongoing violation exists to be enjoined, and therefore, sovereign immunity remains in place.

Bell argues that he has sufficiently pled facts to support a claim for copyright infringement as required by *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) (ownership of a valid copyright and copying of constituent elements of the work that are original). He asserts that his allegations are sufficient to support both direct and secondary liability of Hess and that Hess is directly liable because his actions fell within his job responsibilities, and he is secondarily liable because he allowed subordinates to wrongfully publish the photograph.

Bell argues that Hess' actions of copyright infringement are *ultra vires*, and thus, Hess is liable in his individual capacity. To support this argument, Bell quotes the United States Supreme Court, asserting,

> A Supreme Court case *Alden v. Maine* held, "Instead, a state employee is acting in an individual capacity, and may be sued as an individual, if the employee was sufficiently involved personally in a constitutional or statutory violation." *See Alden v. Maine*, 527 U.S. 706, 757, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999).

([Filing No. 45 at 7](#)). The Court pauses here in its summary of Bell's argument to note the troubling fact that Bell's quotation from the Supreme Court does not exist in the *Alden* opinion nor in any Supreme Court opinion based on the Court's research. Bell then (accurately) quotes from the *Alden* opinion; however, his second quotation selectively has excluded the end of the sentence, and the excluded portion makes clear that the quoted proposition does not apply to this case.

Bell asserts that the *Ex parte Young* doctrine applies in this case because "Hess must not realize that the Indianapolis Photo is still available on the Defendant's website on the internet

8

archives (still available to the public for viewing, saving, downloading, and printing) and has not yet been properly removed from Defendant's website." *Id.* at 8. In support of this assertion, Bell includes with his response brief an exhibit of an internet archive screenshot found at https://web.archive.org/web/20160903235153/http://pediatrics.IU.edu:80/residency/how-to-apply ([Filing No. 45-1](#)). Bell argues that this archived webpage found on the "Wayback Machine" constitutes an ongoing violation of federal law attributable to Hess. Thus, Bell asserts, *Ex parte Young* applies to this case and allows the claim against Hess to move forward.

Hess replies to Bell's arguments by first asserting that Bell does not dispute the Eleventh Amendment bars his claim against Hess in his official capacity. Additionally, Hess points out, Bell continues to allege that his claim is based on actions taken by Hess that were performed within his role as the Dean of Indiana University School of Medicine. Regarding the archived webpage that shows the Indianapolis Photo on the Indiana University webpage, Hess asserts that the Indianapolis Photo does not appear on any webpage owned or controlled by Indiana University, and importantly, the exhibit to Bell's response brief is not part of the pleadings, and thus, cannot be considered on a motion for judgment on the pleadings. Furthermore, Hess and Indiana University do not own or control the website https://web.archive.org, so Hess cannot be liable for that website's activities.

The Court first addresses the *Ex parte Young* doctrine and Bell's assertion that the archived webpage constitutes an ongoing violation of federal law attributable to Hess. Hess is correct in that the archived webpage attached to Bell's response brief is not properly before the Court on the pending Motion for Judgment on the Pleadings. "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452

(internal citations omitted). Bell's response brief exhibit cannot be considered. Even if the exhibit could be considered, it is clear that an internet archival service controlled and maintained by https://web.archive.org cannot serve as a basis for ongoing copyright violations and give rise to liability on the part of Hess or Indiana University because they do not control, maintain, or own the website https://web.archive.org.

Additional issues exist that preclude application of the *Ex parte Young* doctrine to this case. First, Bell explicitly alleges multiple times that he is suing Hess in his individual capacity. The *Ex parte Young* doctrine applies in cases brought against state officials in their official capacity. *See Bell*, 2017 U.S. Dist. LEXIS 110047, at *8. However, an additional problem exists for Bell even if he were permitted to amend his complaint again to sue Hess in his official capacity. The *Ex parte Young* doctrine still would not apply because the Indianapolis Photo does not appear anywhere on the website controlled, maintained, and owned by Indiana University, so there is no ongoing violation of federal law to be enjoined. Therefore, this exception to Eleventh Amendment state sovereign immunity does not apply in this case.

Bell did not respond to Hess' arguments that (1) the State of Indiana and Indiana University have not waived sovereign immunity, and (2) Congress has not validly abrogated sovereign immunity for copyright infringement claims. Hess' arguments on both of these points are well taken, and the Court concludes that sovereign immunity has not been waived or abrogated, and it provides protection to Hess in this matter.

A review of the Second Amended Complaint readily reveals that Bell's claim arises only from Hess' conduct in his official capacity as an employee of an arm of the state. All the allegations assert liability based on Hess' conduct as the Dean of Indiana University School of Medicine. As Hess correctly and succinctly explained, he "would not be facing Plaintiff's

allegations if he were not the Dean of the Indiana University School of Medicine. The sole reason Hess is named as the defendant is his capacity to act on behalf of Indiana University in his role with the Indiana University School of Medicine." ([Filing No. 41 at 11](#).) The allegations concern a website owned and controlled by Indiana University. The allegations concern actions taken by employees of Indiana University. Bell's frequent use of the label "individually" does not change the substance of his allegations that Hess' conduct was undertaken in his official capacity as a dean of Indiana University. It is clear from the pleadings that Bell is seeking to impose liability against Indiana University, and his amendments to his original complaint were an attempt to circumvent Eleventh Amendment sovereign immunity. Hess is entitled to Eleventh Amendment sovereign immunity in this case, and thus, Bell's claim is barred and cannot proceed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Hess' Motion for Judgment on the Pleadings ([Filing No. 40](#)). Bell's claim for copyright infringement and unfair competition is **dismissed with prejudice**. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 3/9/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Maura K. Kennedy
LAW OFFICE OF MAURA K. KENNEDY
attorneymaurakennedy@gmail.com

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

Holiday W. Banta
ICE MILLER
h.banta@icemiller.com